Case No: 5:03-cv-00759   Document No: 31, User: kab, 1 Copy Printed: May, 24, 2004  02:07 PM

Larry Gilbert
Oklahoma County Detention Center
OCDC-OKLAHOMA CITY
201 N Shartel
Oklahoma City, OK 73102



RECEIVED
MAY 2 8 2004
ROBERT D. DENNIS
CLERK, U.S. DISTRICT COURT
BY_____
DEPUTY



IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED
MAY 24 2004
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| ERIC THOMAS HURD, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV-03-759-HE |
| ) | |
| JOHN WHETSEL, et al. ) | |
| ) | |
| Defendants. ) | |

ORDER

This action was originally filed by four Plaintiffs - Eric Hurd, Larry Gilbert, Craig Napier and Jermaine Birdow.[1] By previous order Plaintiffs were advised that the complaint failed to demonstrate that these four parties were properly joined pursuant to the requirements set forth in Fed.R.Civ.P. 20(a). Plaintiffs were further advised that the laundry list of complaints raised in the complaint regarding conditions of confinement in the Oklahoma County Detention Center ("Detention Center") was deficient in that there were no specific allegations regarding each individual Plaintiff. Plaintiffs were given time to cure these deficiencies by filing an amended complaint. Plaintiffs were also advised regarding deficiencies with respect to payment of the filing fee.

On September 18, 2003, Plaintiff Hurd filed an amended complaint (Doc. No. 14) signed only by him, which attempts to incorporate also a portion of Plaintiff's original complaint identified as "Declaration Under Penalty of Perjury/Facts Number 1." Plaintiff Napier paid the initial partial filing fee as required but Plaintiffs Hurd, Gilbert and Birdow

---

[1] Plaintiffs also attempted to act on behalf of the inmates at Oklahoma County Detention Center. By order dated July 21, 2003, Plaintiffs were advised that §1983 actions must be based on violations of each plaintiff's personal rights and cannot be brought on behalf of others. Thus any allegations on behalf of other unnamed plaintiffs could not proceed.

did not. The claims of Plaintiffs Gilbert and Birdow were dismissed for failure to cure such deficiencies. *See* Order, November 18, 2003. Plaintiff Hurd was given an extension of time to pay the required partial fee which he paid on December 3, 2003.

Upon review of the amended complaint, the undersigned finds that the amended complaint wholly fails to demonstrate that each Plaintiff has exhausted the available administrative remedies for each claim raised in this action as required by the provisions of 42 U.S.C. §1997e. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003). In *Steele* the Tenth Circuit Court of Appeals clarified the "procedural and practical aspects" of the exhaustion requirement, holding that § 1997e(a) places the burden on the prisoner to demonstrate administrative exhaustion in his complaint. *Steele*, 355 F.3d at 1207. Exhaustion of administrative remedies is an essential allegation of a prisoner's claim, as "it is the prisoner who can best assert the relationship between his administrative grievance and court filing." *Id.* at 1210. Accordingly, a "prisoner must: (1) plead his claims with 'a short and plain statement . . . showing that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" *Id.* (citations omitted). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id.* (quotation omitted). *See also Ross v. County of Bernalillo*, \_\_\_ F.3d \_\_\_, 2004 WL 902322 (10th Cir. Apr. 28, 2004) ("We agree that the PLRA contains a total exhaustion requirement and hold that the presence of unexhausted claims in [the

Plaintiff's] complaint required the district court to dismiss his action in its entirety without prejudice.").

The amended complaint reflects only a check in the "yes" box in response to the statement regarding exhaustion without further explanation or description of the specific procedures followed or results obtained.[2] Plaintiffs have neither attached copies of documents demonstrating the applicable administrative dispositions of their attempts to obtain relief with respect to their complaints nor have they described with specificity the procedure used and its outcome. **Therefore, each Plaintiff is ordered to show cause within twenty days of the date of this order why his claims should not be dismissed for failure to allege and show that the administrative remedies available at the Detention Center have been fully and properly exhausted as to each claim.[3]**

Plaintiff Hurd, an inmate at Dick Conner Correctional Center, has advised that the Plaintiffs are no longer housed in the same facility and has therefore requested that this Court enter an order allowing him to correspond with Plaintiff Napier. According to Plaintiff Hurd the Oklahoma Department of Corrections generally disallows such contact

---

[2] Although some additional conclusory comments were included in the original complaint, such information is likewise inadequate to demonstrate exhaustion. Specifically, Plaintiffs stated that relief had been "sought from the Oklahoma County Detention Center Administration, Sheriff Whetsel, Oklahoma County Judges, C. Westley (sic) Lane, Oklahoma Attorney General, Robert A. Ravitz - Oklahoma County Public Defender, as well as from assistant Public Defender's (sic), and the Oklahoma Bar Association." Complaint at 5.

[3] The undersigned further notes that this pleading suffers generally from the same deficiencies as the original complaint. The amended complaint alleges a lack of medical care but fails to identify any specific instances of unconstitutional care or lack of care suffered by either Plaintiff Hurd or Napier. The same deficiency applies to Plaintiffs' claim of lack of access to court. No allegations are included regarding injury suffered by either Plaintiff Hurd or Napier based on their lack of access to court. Thus, if Plaintiffs can demonstrate exhaustion of administrative remedies, these deficiencies will be addressed by a subsequent order.

3

between inmates. The undersigned finds no basis at this time for allowing an exception to such policy and the motion [Doc. No. 27] is denied without prejudice to refiling at a later time. Plaintiffs Hurd and Napier should be able to respond individually to the requirements of this order. Plaintiffs have also requested copies of the original and amended complaints. Such motion [Doc. No. 26] is granted to the extent that the **Clerk of the Court is directed to send copies of the amended complaint (Doc. No. 14) to both Plaintiffs Hurd and Napier**. The motion is denied in all other respects.

Plaintiffs are advised that failure to comply with this order could result in the dismissal of this action without prejudice to refiling.

Furthermore, due to the deficiencies in the present action as discussed above, Plaintiff's Motion to Add Parties [Doc. No. 21] is denied at this time without prejudice to renewal at a later date.

IT IS SO ORDERED this 24th day of May, 2004.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

4